# GENERAL ORDER

METROPOLITAN POLICE

DISTRICT OF COLUMBIA

| | |
|---|---|
| Title | Mutual Aid Agreement |
| Series / Number | GO–RAR–310.04 |
| Effective Date | August 30, 2002 |
| Distribution | C |
| Replaces / Rescinds | General Order 310.4 (Council of Governments Police Mutual Aid Agreement) |

I. Background……..Page 1
II. Policy……………..Page 1
III. Definitions………..Page 1
IV. Rules………………………….Page 2
V. Procedural Guidelines……….Page 2

## I. BACKGROUND

The Metropolitan Washington Council of Governments (COG) is an independent, nonprofit association that was founded in 1957. COG provides a focus for action and develops sound regional responses to such issues as the environment, affordable housing, economic development, health and family concerns, human services, etc.

The Council of Governments Police Mutual Aid Agreement provides a method for law enforcement agencies that are parties to the agreement to request or provide assistance from other jurisdictions, when an incident occurs or is anticipated that requires resources beyond the capacity of the requesting jurisdiction.
(CALEA 2.1.3 c)

## II. POLICY

The policy of the Metropolitan Police Department (MPD) is to provide police aid across jurisdictional lines in emergencies and increase the ability to preserve the safety and welfare of the entire area, by establishing guidelines advising how and when the Council of Governments Police Mutual Aid Agreement may be used. (CALEA 2.1.2)

## III. DEFINITIONS

1. State of Emergency - an emergency or pre-planned incident that requires police assistance beyond the capacity of the requesting jurisdiction, which is due to natural or man-made causes, including, but not limited to:

   a. Fire;

   b. Flood;

   c. Epidemic;

d. War;

e. Civil disturbance;

f. Terrorism;

g. Bomb threats;

h. Natural disasters; or

i. Transportation disasters.

2. Operational Plan - a plan approved by all parties to the agreement that outlines the procedures to be followed in response to a request for assistance.

## IV. RULES

Criteria for Requesting Assistance

A. An emergency or pre-planned event shall exist or appear imminent.

B. The requesting jurisdiction must have committed or foreseen the need to commit all of its available resources.

C. Requesting jurisdictions shall deputize members that respond to assist in an official police capacity.

## V. PROCEDURAL GUIDELINES

A. Procedures for Requesting Assistance (CALEA 2.1.3 c)

1. The official (or designee) authorized to request assistance shall contact the designated individual(s) from the jurisdiction(s) in Attachment A.

2. The request shall be verified in writing, on official letterhead, and signed by the official (or designee) authorized to make the request. This written request may be conveyed by fax.

3. The requesting agency shall:

a. Alert members by the Police Mutual Aid Radio System (PMARS-821.3625/866.3625 MHz) operational channels, or other voice communications system, of the possible need for mutual aid assistance.

b. Notify members of the actual request for assistance; and

c. Notify members, if necessary, of the need to stand by.

4. The request for assistance shall state:

a. The name and position of the official making the request;

b. The nature and location of the emergency;

c. The number of personnel requested and whether specialized personnel are needed;

d. The type(s) of equipment needed;

e. The name, rank, and location of the member to whom the assisting personnel shall report;

f. The location where responding units should report (and if a pre-arranged event – the date and time of reporting); and

g. An estimated length of time that assistance will be required.

B. Use of Assistance

1. The authorized official of the assisting jurisdiction shall determine the type of personnel to be dispatched and shall use the Police Mutual Aid Radio System (PMARS – 821.3625/866.3625 MHz) to acknowledge the request, including in the acknowledgement the amount and type of assistance that shall be provided.

2. Assisting personnel shall report to and be under the command of the ranking member named in the request. (CALEA 2.1.3 e)

3. Assisting personnel shall be deployed as integral units under the supervision of their jurisdiction; however, if such deployment is not possible, the assisting personnel shall be deployed as members of a team with the members of the requesting jurisdiction.

C. The nature of the emergency shall be considered in determining where the assisting personnel are deployed.

1. In natural disasters, assisting personnel shall generally be deployed at the disaster scene.

2. In civil disorders, the assisting personnel shall generally be deployed as supporting units.

D. Withdrawing Assistance

1. The assisting personnel and equipment shall be withdrawn pursuant to the mutual agreement of the requesting and assisting jurisdictions.

2. Any assisting party may unilaterally withdraw assisting personnel or equipment, after notifying the other(s) of the intended action.

3. Notification of withdrawal, by mutual agreement or unilaterally, shall be confirmed through use of the Police Mutual Aid Radio System (PMARS – 821.3625/866.3625 MHz).

E. Orders

1. Orders shall be directed from the Incident Commander to the Senior Ranking Officer (SRO) from the assisting agency who, in turn, shall relay those orders to the personnel from his/her agency.

2. No orders shall knowingly be issued that would require assisting personnel to commit an illegal act. Assisting personnel shall comply with all lawful orders issued under the authority of the Incident Commander. Assisting personnel shall not obey any order that they know would require them to commit any illegal act. Responsibility for the justification of refusal to obey any order rests with the refusing individual.

3. When any order conflicts with a previously issued order or directive, or with a departmental rule, regulation, or directive of the assisting personnel's agency, the conflict should be respectfully brought to the attention of the issuing officer. Attempts to resolve conflicts between orders should be made, when possible, between the parties involved by summoning individuals from respective agencies, higher in rank than both parties, to resolve the controversy. If the conflict cannot be resolved and the conflicting order is not rescinded, the previously issued order shall stand.

4. The responsibility for the conflicting order shall rest with the issuing officer, and the assisting personnel shall not be answerable for disobeying any previously issued order, directive, rule, or regulation of the affected jurisdiction or of their own agency.

5. All disciplinary measures shall be addressed by the official representing the affected personnel.

F. Governmental Immunity (CALEA 2.1.3 a)

1. The services performed and expenditures made under this agreement are deemed for public and governmental purposes, and all immunities from liability enjoyed by the local government within its boundaries shall extend to its participation in rendering police aid outside its boundaries.

2. Each party waives any and all claims against all the other parties to the agreement that may arise from activities outside their respective jurisdictions, while rendering aid under this agreement.

3. Each party indemnifies and holds harmless the other parties to this agreement, from all claims by third parties for property damage or personal injury that may arise from the activities of the other parties to this agreement outside their respective jurisdictions, while rendering aid under this agreement.

4. The party receiving assistance is solely responsible for indemnifying all parties rendering assistance to it.

5. In no case shall the responding parties have joint responsibility for indemnifying other parties rendering assistance.

6. All immunities from liability and exemptions from laws, ordinances, and regulations that the parties' members, agents, and employees have in their own jurisdiction are effective in the jurisdiction in which they are giving assistance.

G. Employment Benefits

All pension, relief, disability, worker’s compensation, and other benefits enjoyed by employees, extend to the services they perform under this agreement outside their respective jurisdictions.

H. Direction of Assistance

1. The parties' members, agents, and employees rendering assistance under this agreement do so under the direction and control of the appropriate official designated by the jurisdiction requesting the aid.

2. The parties to the agreement shall take all necessary measures under their respective state and local laws, to empower the members, agents, and employees rendering assistance, with the authority to enforce the laws of the recipient jurisdiction.

3. The parties shall notify each other of the name, address and telephone number of the official authorized to direct mutual aid activities within their jurisdiction. (CALEA 2.1.3 e)

I. Duration

1. This agreement shall remain in effect until terminated by all parties, to include, written notice setting forth the date of such termination.

2. Withdrawal from the agreement by one party shall be made in writing to all other parties, 30 days prior to termination, but shall not terminate the agreement among the remaining parties.

J. Operational Plan

1. The parties, represented by an official appointed by each member, shall meet annually to review and propose amendments to the plan. (CALEA 2.1.3 g)

2. Amendments to the plan require the approval of each party.

3. The plan shall address the provision of common radio communications between requesting and responding agencies. (CALEA 2.1.3 f)

// SIGNED //
Charles H. Ramsey
Chief of Police

Attachment

CHR:NMJ:MAR:uk

**INITIAL CONTACT MADE REGARDING POLICE MUTUAL AID SHALL BE MADE BETWEEN AND AMONG THE CHIEFS OF POLICE OF THE VARIOUS JURISDICTIONS (OR THEIR REPRESENTATIVES).**

**FOLLOWING THIS INITIAL CONTACT THE CHIEFS OR THEIR REPRESENTATIVES SHALL BE RESPONSIBLE FOR CONTACTING OTHER OFFICIALS WITHIN THEIR OWN JURISDICTION REGARDING POLICE MUTUAL AID NOTIFICATION REQUIRED BELOW:**

| | POLICE JURISDICTION | OFFICIAL AUTHORIZED TO MAKE, APPROVE AND CANCEL REQUEST FOR ASSISTANCE FROM ANOTHER JURISDICTION |
|---|---|---|
| 1. | District of Columbia | Mayor |
| 2. | Montgomery County | County Executive |
| 3. | Prince George's County | County Executive |
| 4. | Rockville | City Manager/Deputy City Manager |
| 5. | Takoma Park | City Administrator or Designee |
| 6. | Greenbelt | Undecided |
| 7. | Fairfax County | County Executive |
| 8. | Arlington | County Manager |
| 9. | Alexandria | City Manager |
| 10. | Fairfax City | City Manager |
| 11. | Falls Church | City Manager |
| 12. | Prince Williams County | County Executive |
| 13. | Loudoun County | County Executive |
| 14. | Manassas | Mayor, Vice Mayor, or City Manager |
| 15. | Manassas Park | City Manager |
| 16. | Gaithersburg | Undecided |