**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MICHAEL LEMMON**, *et al.*,<br>*Plaintiffs*,<br>v.<br>**DONALD J. TRUMP**, *et al.*,<br>*Defendants*. | Civil Action No. 26-cv-544 (TSC) |
| **DISTRICT OF COLUMBIA AND COMMONWEALTH OF VIRGINIA**,<br>*Plaintiffs*,<br>v.<br>**NATIONAL PARK SERVICE**, *et al.*,<br>*Defendants*. | Civil Action No. 26-cv-3838 (TSC)<br><br>**CONSOLIDATED CASES** |

**ORDER**

Pursuant to Federal Rule of Civil Procedure 42(a), the court will consolidate Case No. 26-cv-3838 with Case No. 26-cv-544. Federal Rule 42(a) permits courts to consolidate separately filed cases if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). "The decision whether to consolidate cases under Rule 42(a) is within the broad discretion of the trial court." *Klayman v. Jud. Watch, Inc.*, 255 F. Supp. 3d 161, 174 (D.D.C. 2017) (quoting *Stewart v. O'Neill*, 225 F.Supp.2d 16, 21 (D.D.C. 2002)). And "[i]n determining whether to exercise such discretion, 'courts weigh considerations of convenience and economy against considerations of confusion and prejudice.'" *Id.* (quoting *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003)).

Consolidation is appropriate here because the cases involve common questions of law, including whether Defendants violated the Commemorative Works Act, 40 U.S.C. §§ 8901–8909, the National Environmental Policy Act, 42 U.S.C. § 4321, *et seq.*, and 40 U.S.C. § 8106. Consolidation would therefore "promote convenience and judicial economy" by allowing the court to resolve those claims together. *Waste-to-Energy Ass'n v. EPA*, No. 23-cv-2726, 2023 WL 7407303, at *2 (D.D.C. Nov. 9, 2023) (quoting *Singh v. Carter*, 185 F. Supp. 3d 11, 18 (D.D.C. 2016)). It would also "simplify management of the cases, facilitate global resolution of the claims," and "conserve judicial resources." *Id.* (quoting *Singh*, 185 F. Supp. 3d at 18).

"Consolidation does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Colbert v. F.B.I.*, 275 F.R.D. 30, 32 (D.D.C. 2011) (alteration omitted) (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933)). Nor does it affect the rights of plaintiffs in each of the cases to retain separate counsel, file separate motions and briefs, present oral argument separately, file separate appeals, and independently make other litigation decisions.

The plaintiffs, however, shall confer with one another before filing any new substantive motion; shall endeavor to agree upon, and propose to the Court, a coordinated schedule for such motions; and shall eliminate unnecessary repetition by incorporating one another's filings by reference where possible. The Court will treat incorporation by reference as though the argument is fully set forth in the referring brief. Parties shall comply with their obligations under Local Civil Rule 7(m) and indicate on the caption page whether such motion is opposed.

While each case shall retain independent case numbers, all future filings in these consolidated cases shall be filed only in *Lemmon v. Trump*, No. 26-cv-544, as the first-filed case. Compliance with this directive requires that you select "No" when asked "Do you want to spread

this docket entry?" The parties shall identify both cases in the captions of all future filings, as shown above. Where any party files a document on behalf of, or in response to, only one set of plaintiffs, the party shall so indicate in the heading of the document.

It is so **ORDERED**.

Date: October 31, 2026

Tanya S. Chutkan
TANYA S. CHUTKAN
United States District Judge