**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHAEL LEMMON, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*<br><br>*Defendants*. | Civil Action No. 26-cv-544 (TSC) |
| DISTRICT OF COLUMBIA and COMMONWEALTH OF VIRGINIA,<br><br>*Plaintiffs*,<br><br>v.<br><br>NATIONAL PARK SERVICE, *et al.*<br><br>*Defendants*. | Civil Action No. 26-cv-3838 (TSC) |

**MOTION TO INTERVENE AS PLAINTIFFS**
**AND MEMORANDUM IN SUPPORT**

Rory Kennedy, Maxwell Taylor Kennedy, Christopher G. Kennedy, Kerry Kennedy, Courtney Kennedy, Hon. Kathleen Kennedy Townsend, Hon. Joseph P. Kennedy II, Hon. Joseph P. Kennedy III, and Edward M. Kennedy Jr., the children and grandchildren of Robert F. Kennedy and Edward M. Kennedy who were instrumental in the creation of the John F. Kennedy Gravesite and Eternal Flame ("JFK Eternal Flame"), and who are also buried at Arlington National Cemetery near the former President, respectfully move to intervene as Plaintiffs in the above-captioned cases under Federal Rule of Civil Procedure 24. Proposed intervenors have both a direct, immediate

stake in this matter and claims that share common questions of law and fact with the above-captioned actions.

Counsel for intervenors have conferred with counsel for the parties. Plaintiffs in the pending consolidated cases take no position on the motion; Defendants were notified of the intention to intervene but have provided no substantive response to the motion. Attached as Exhibit 1 is a proposed complaint setting out intervenors' claims as required by Fed. R. Civ. P. 24(c) and Local Rule 7(j).

## BACKGROUND

At President Trump's behest, Defendants have raced forward to build a new "Independence Arch" in Memorial Circle in Washington, D.C. On November 5, 2026, the National Capital Planning Commission ("NCPC") voted to approve Defendants' site and building plans for the Arch.

The Arch is planned to be at least 250 feet tall—more than double the size of the Lincoln Memorial and the equivalent of a twenty-five-story office building. Its location in Memorial Circle would situate the monument on an axis between the Lincoln Memorial and Arlington National Cemetery, obstructing a line of sight that was designed to represent the unification of the Nation following the Civil War and that has existed for nearly a century. That will also obstruct the clear sightline of the Kennedy Gravesites and JFK Eternal Flame in Arlington National Cemetery, from the Arlington Memorial Bridge, destroying an essential element of the Gravesites' design; and will permanently cast a shadow over the graves of servicemen and women who made the ultimate sacrifice for this country, including the Kennedy Gravesites.

Plaintiffs in *Lemmon v. Trump*, No. 1:26-cv-544, filed suit to challenge the Arch on February 19, 2026. *See* Complaint, ECF No. 1. On October 31, 2026, the District of Columbia and

the Commonwealth of Virginia filed a second suit challenging the Arch. *See* Complaint, ECF No. 1, *District of Columbia v. National Park Service*, No. 1:26-cv-3838 (Oct. 31, 2026). On October 31, 2026, the Court ordered consolidated the two cases. *See* Minute Order (Oct. 31, 2026). On November 7, 2026, the *Lemmon* plaintiffs moved for leave to file a supplemental complaint. *See* Supp. Compl., ECF No. 112. The Court has set a briefing schedule on that motion and ordered the parties to file a proposal for additional proceedings and briefing in this matter. *See* Minute Orders (Nov. 7, 2026).

## ARGUMENT

Federal Rule of Civil Procedure 24 authorizes intervention as of right for parties who have an interest in the property or transaction that is the subject of an action, and permissive intervention for parties with claims that share common questions of law or fact with the main action. Proposed intervenors have a significant interest in protecting the property that will be affected by the proposed Arch and also have claims that share legal and factual questions with the pending suit. Intervenors thus satisfy the requirements for both mandatory and permissive intervention.

### I. Intervention as of right

Under Federal Rule of Civil Procedure 24(a), a court must allow intervention as of right where a party: (1) timely moves for intervention; (2) "claims an interest relating to the property or transaction which is the subject of the action"; (3) is situated such that "the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest"; and (4) its interests may not be adequately represented by the existing parties. *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003) (quoting *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1074 (D.C. Cir. 1998)); *see* Fed. R. Civ. P. 24(a). Intervenors satisfy each of these requirements.

Intervenors' motion is timely. Proposed intervenors have moved to intervene within days of the NCPC approving Defendants' site and building plans for the Arch and within 10 days of the District of Columbia and the Commonwealth of Virginia filing suit and the Court consolidating that suit with the earlier filed challenge. *See* Minute Order (Oct. 31, 2026). Although that earlier filed challenge has been pending for some time, the "time elapsed since the inception of the suit" is "not in itself the determinative test," *Roane v. Leonhart*, 741 F.3d 147, 151 (D.C. Cir. 2014), and courts in this circuit repeatedly have held that a motion to intervene may be timely even months after a complaint is filed, *see, e.g.*, *Cnty. of San Miguel v. MacDonald*, 244 F.R.D. 36, 38, 46 (D.D.C. 2007) (granting motion to intervene filed more than 90 days after the complaint); *Safari Club Int'l v. Salazar*, 281 F.R.D. 32, 35, 36 n.6, 43 (D.D.C. 2012) (granting motion to intervene filed more than 60 days after the complaint). "[T]he requirement of timeliness is aimed primarily at preventing potential intervenors from unduly disrupting litigation, to the unfair detriment of the existing parties." *Roane*, 741 F.3d at 151; *see also United States v. Brit. Am. Tobacco Australia Servs., Ltd.*, 437 F.3d 1235, 1238 (D.C. Cir. 2006) (noting courts should assess "probability of prejudice to those already in the case" in determining timeliness under Rule 24). Here, intervenors do not seek to extend any existing deadlines or to delay this case in any way, so there will be no prejudice to Defendants if this motion is granted, and the absence of prejudice to the existing parties makes this motion timely under Rule 24(a).

Intervenors also have a unique interest in the property that will be affected by the outcome of this action that satisfies the remaining three factors. As members of the Kennedy family, intervenors have a particular interest in protecting the Kennedy Gravesites, ensuring that these Gravesites remain unimpeded as a solemn and sacred memorial to the legacy of the Kennedy family—including Robert F. Kennedy, John F. Kennedy, and Edward M. Kennedy, each of whom

served with honor and distinction, and sacrificed greatly for their country. Intervenors thus have standing to raise certain particularized harms from the proposed Arch that the existing Parties may not raise. *Fund for Animals*, 322 F.3d at 735 ("constitutional standing is alone sufficient to establish … 'an interest relating to the property or transaction which is the subject of the action'"). The outcome of this action may as a practical matter impair or impede proposed intervenors' ability to protect their interest in preserving the Kennedy Gravesites, including the JFK Eternal Flame, proposed intervenors' parents' and grandparents' burial sites, and the family's other graves, and that interest may not be fully asserted or adequately represented by the existing parties. *See Nat. Res. Def. Council v. Costle*, 561 F.2d 904, 909 (D.C. Cir. 1977) (explaining that the interest test under Rule 24(a)(2) is primarily a practical guide to disposing of lawsuits by allowing intervention where it will not undermine efficiency); *Fund for Animals*, 322 F.3d at 735 (describing the showing necessary to satisfy the adequate-representation factor as "minimal" and "not onerous" and explaining that a petitioner ordinarily should be allowed to intervene if there is any possibility that representation of his interests may be inadequate).

Intervenors thus satisfy the requirements of Rule 24(a) for intervention as of right.

## II. Permissive Intervention

In the alternative, the Court should grant permissive intervention under Rule 24(b). A court may permit permissive intervention if a party timely moves to intervene and "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

As discussed above, intervention is timely and will not prejudice any party. And intervenors' claims share common questions of law and fact with the pending suit. As set out in

the attached complaint, intervenors raise some facts and harms that are unique to the Kennedy family, but their claims otherwise overlap legally and factually with the claims in the pending suit. *See* Exhibit 1. Permissive intervention is therefore warranted.

## CONCLUSION

Intervenors respectfully request that the Court grant this motion for intervention and direct the Clerk to file the attached complaint.

Dated: November 10, 2026

Respectfully submitted,

*<u>/s/ Norman L. Eisen</u>*

Norman L. Eisen (D.C. # 435051)
Stephen A. Jonas (D.C. # 90037069)
Joshua G. Kolb (# NY0628)
Brian C. Ward (D.C. # 90046907)
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, DC 20003
norman@democracydefenders.org
steve@democracydefenders.org
joshua@democracydefenders.org
brian@democracydefenders.org

*Counsel for Intervenors*